UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RAMONA TORRUELLAS,   ORDER
   05 CV 2848 (GBD)
        Plaintiff,

    -against-

JOHN E. POTTER, Postmaster General, UNITED
STATES POSTAL SERVICE

        Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

    Pro se plaintiff Ramona Torruellas sued defendant John E. Potter, Postmaster General, United States Postal Service ("the Postal Service") in the United States District Court for the Eastern District of New York, claiming discrimination on the basis of race, national origin, sex, and disability. Upon consent of the parties, the action was transferred to this District. Defendant moves to dismiss plaintiff's claims of discrimination based on race, national origin, and sex pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because plaintiff did not exhaust her administrative remedies with regard to these claims, defendant's motion to dismiss is granted.

    Plaintiff initially filed an Equal Employment Opportunity complaint ("EEO complaint") with the Equal Employment Opportunity Commission ("EEOC"). The complaint was rejected by the agency for lack of timeliness. (Compl., Exh. C, at 3). The complaint was subsequently reinstated by the EEOC's Office of Federal Operations ("OFO"). Id. Ultimately, the case was remanded back to the administrative judge, and a supplemental investigation was conducted by the Postal Service. Id.

After further discovery, the Postal Service submitted a motion for decision without a hearing. Id. In response to the Postal Services's motion, plaintiff voluntarily withdrew her allegations before the EEOC of discrimination based on race, national origin, and sex. Plaintiff stated in her response:

> "With respect to the complaint allegations of race (black), sex (female) and national origin (Puerto Rican) discrimination made in addition to the alleged handicap discrimination, <u>the complainant here withdraws</u> her race, sex and national origin allegations and would have the Administrative Judge <u>consider only her complaint allegations of handicap discrimination</u> in the findings and conclusions on the complaint. The race, sex and national origin allegations are withdrawn due to Complainant's inability to secure supporting evidence of these allegations through the parties [sic] discovery process and the absence of relevant information in the two complaint Investigative Reports (IR)."

Id. (emphasis in original).

On September 18, 2002, the administrative judge issued a decision in favor of the Postal Service regarding the plaintiff's claims of disability discrimination, finding that plaintiff failed to demonstrate that she was covered under the Rehabilitation Act of 1978. (See Compl., Exh. C, at 5-7). The Postal Service issued a Notice of Final Action on October 9, 2002. (Id. at Exh. B). Plaintiff initiated an appeal of this final action with OFO. (Id. at Exh A). On March 29, 2004, OFO affirmed the final action. Id.

Plaintiff's complaint asserts claims of "handicap, race, sex, and national origin discrimination." (Compl. at 1). With regard to her disability claim, plaintiff alleges that from March 1992 through December 1994, she was denied a "light duty" assignment with a day work schedule as an accommodation for her "handicapping condition," lupus. (Compl. at 3). Plaintiff further alleged that she was terminated from her employment due to an "alleged deficient attendance record occas[]ironed by [her] handicapping medical condition" and the "Agency

2

failure to provide [her] with a suitable modified work assignment." Id. Plaintiff makes no specific factual allegations concerning her other claims.[1]

In his motion to dismiss, defendant argues that plaintiff fails to state a claim for race, sex, or national origin discrimination upon which relief can be granted because plaintiff failed to meet the exhaustion requirements of Title VII.

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. See Hernandez v. Coughing, 18 F.3d 133, 136 (2d Cir. 1994). Where, as here, a party is proceeding pro se, this Court will "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The court may not dismiss a complaint unless it appears beyond a doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Jagghery v. New York State Depot of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (internal quotation omitted). As a plaintiff's complaint must allege facts conferring a cognizable right of action, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." York v. Ass'n of

---

[1]Regarding her other claims, plaintiff merely asserts the following:

"my complaint alleged and continues to allege, also, that the Agency, through its officials, discriminated against my race, sex and ethnicity (national origin), by treating other, similarly situated employees from other protected groups more favorably than I was in the provision of modified work assignments to accommodate their work limitations, and in providing them time off from work without penalty in consideration of their disabling medical conditions"

(Compl. at 2).

the Bar of the City of New York, 286 F.3d 122, 125 (2d Cir. 2002)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Plaintiff brings her discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2000e-17.  Title VII provides that all federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin."  Title VII requires that, as a prerequisite to gaining access to the federal courts, a litigant exhaust available administrative remedies in a timely fashion.  Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003).  Accordingly, courts must strictly adhere to such procedural requirements for gaining access to the federal courts.  If a plaintiff has not complied with the procedural requirements of Title VII, the Court cannot exercise jurisdiction over the action. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1994)  These procedural requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." Id.  The voluntary withdrawal of discrimination charges during the EEO process constitutes a failure to exhaust such claims.  Baber v. Runyon, No. 97 Civ. 4798 (DLC), 1998 WL 912065 (S.D.N.Y. Dec. 30, 1998);  Peralta v. Rockefeller University, No. 04 Civ. 1278 (AKH), 2005 WL 1294828 (S.D.N.Y. May 27, 2005); Brown v. City of New York, 869 F. Supp. 158, 170-71 (S.D.N.Y. 1994).

Plaintiff argues that the Court should consider the withdrawal of her allegations race, sex, and national origin complaint as involuntary.  Plaintiff argues that the withdrawal was made reluctantly on the realization that there was no meaningful record to consider regarding the allegations because the information was in the custody of the Postal Service.  However, neither the EEOC nor the Postal Service were under an obligation to provide plaintiff with information

4

sufficient to establish her claim during the EEO process. Matos v. Hove, 940 F. Supp. 67, 72 (S.D.N.Y.) ( agency "not required to provide [plaintiff] with personnel file and its personnel rules in order for [plaintiff] to determine whether she possessed a claim"). Furthermore, Plaintiff does not claim that her withdrawal was the result of coercion, intimidation, or mistake on the part of the EEOC. See Baber v. Runyon, No 97. Civ. 4798 (DLC), 1998 WL 912065, at *5-6 (S.D.N.Y. Dec. 30, 1998) (voluntary withdrawal of claims where plaintiff did not allege that she was "tricked, threatened, coerced, or intimidated" into signing settlement agreement); Brown v. City of New York, 869 F. Supp. 158, 170-71 (S.D.N.Y. 1994) (no jurisdiction to hear claims where plaintiff voluntarily requested withdrawal of claims, but later sought to rescind the withdrawal).

Plaintiff voluntarily withdrew her claims of discrimination based on race, national origin, and sex prior to any final administrative action with regard to those allegations. In her response to the Postal Service's motion for a determination without a hearing, she expressed the clear intent to proceed only on her claims of discrimination based on disability, due to "her inability to secure supporting evidence" of her other allegations. Because her claims were voluntarily withdrawn, she has not met the exhaustion requirements of Title VII. Plaintiff, therefore, may not proceed in court to prosecute her withdrawn claims.

Plaintiff further argues that "the administrative judge's decision regarding her complaint was grossly untimely. Federal EEO regulations provide that where the parties request a hearing, "an administrative judge shall issue a decision on the complaint, and shall order appropriate remedies and relief where discrimination is found, within 180 days of receipt by the administrative judge of the complaint file from the agency." 29 C.F.R. § 1614.109(I). The EEOC filed a motion for summary judgment on March 3, 1999. Plaintiff filed her response to

the motion on June 19, 1999. The administrative judge's decision on the Agency motion was issued September 18, 2002. Plaintiff argues that because the decision was issued over three years after she filed her response to the Agency motion, this Court should permit her to proceed with her complaint in the lawsuit. Plaintiff has cited no authority to this Court supporting her requested exception.

A plaintiff who fails to administratively exhaust her claims is not entitled to review of abandoned claims merely because the administrative judge's decision was issued more than 180 days after she filed her complaint. See Matos, 940 F. Supp. at 72. The timeliness of the issuance of the administrative judge's decision in her EEO action does not provide a right to proceed in federal court with unexhausted claims that were voluntarily withdrawn.

Finally, plaintiff argues that the Court should allow her to proceed with her unexhausted discrimination claims because they are "reasonably related" to her fully exhausted claim of handicap discrimination. "Unlike the close relationship of race claims to those of ethnicity or national origin discrimination, nothing in a disability claim suggests potential racial discrimination." Floyd v. Mount Sinai Medical Center, No. 04 Civ. 556 (NRB), 2005 WL 612716, at *7-8 (citations omitted). Plaintiff's bare assertion that her race, national origin, and sex-based claims are reasonably related to her claim of discrimination based on disability, is insufficient to save her claims. Plaintiff has alleged no facts tending to show a relationship between her exhausted disability claim, and her unexhausted claims of race, national origin, and sex-based discrimination.

Plaintiff failed to exhaust administrative remedies regarding her claims of discrimination based on race, national origin, and sex. These claims must therefore be dismissed.

Dated: New York, New York
      March 6, 2006

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge